UNITED STATES of America, Appellee,

v.

Vernon R. JOHNSON, Appellant.

No. 92–2493.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 9, 1992.

Decided Dec. 3, 1992.

George T. Babcock, Omaha, Neb., argued, for appellant.

Michael P. Norris, Asst. U.S. Atty., Omaha, Neb., argued, for appellee.

Before FAGG, BEAM, and HANSEN, Circuit Judges.

1. The Honorable William G. Cambridge, United States District Court Judge for the District of Nebraska.

PER CURIAM.

Vernon R. Johnson commenced serving a term of supervised release on January 13, 1992. On May 7, 1992, the district court[1] entered a judgment revoking Johnson's term of supervised release and requiring Johnson to be imprisoned for fourteen additional months and then to complete the balance of his remaining term of supervised release. On May 20, 1992, Johnson filed a motion to reconsider. The motion was denied on June 24, 1992. On July 2, 1992, Johnson filed his notice of appeal. We dismiss the appeal for lack of jurisdiction because the notice of appeal was untimely filed.

"The Supreme Court has held that timely notice for rehearing or reconsideration tolls the running of the statutory period for filing an appeal." *United States v. Woodruff,* 596 F.2d 798, 799 (8th Cir.1979) (discussing *Browder v. Director, Ill. Dep't of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *United States v. Dieter,* 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976); and *United States v. Healy,* 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964)). "An untimely request does not have the same result." *Browder,* 434 U.S. at 267, 98 S.Ct. at 562. Absent a rule specifying the time in which a motion for rehearing or reconsideration must be filed, "a petition for rehearing in a criminal case would be considered timely 'when filed within the original period for review.'" *Id.* at 268, 98 S.Ct. at 563 (quoting *Healy,* 376 U.S. at 78, 84 S.Ct. at 555). In a criminal case, a defendant must file his notice of appeal within 10 days of the entry of the judgment. Fed.R.App.P. 4(b)(i).

In this case, the judgment was entered on Thursday, May 7, 1992. The last day for filing a notice of appeal was *Monday,* May 18, 1992. (The tenth day fell on Sunday, May 17, 1992.) The motion to reconsider was not filed until Wednesday, May 20, 1992. Because the motion was filed twelve rule days after the judgment was

filed, it was filed two days too late. *See* Fed.R.App.P. 26(a). The untimely motion to reconsider did not toll the time allowed for filing a notice of appeal. Failure to file a timely notice of appeal is a jurisdictional defect. Therefore, Johnson's appeal is dismissed for lack of jurisdiction.