**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 94-10169**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**STEVEN BREWER,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

(July 14, 1995)

Before DAVIS and JONES, Circuit Judges, and MAHON[*], District
Judge.

EDITH H. JONES, Circuit Judge:

Steven Brewer appeals from his guilty plea judgment and
sentence imposed by the district court on December 16, 1993 for
making a false statement to a federal agency in connection with
obtaining a $89,000 home loan.  On December 28, 1993, Brewer
filed a "Motion for New Trial and/or Motion for Reconsideration."
The district court denied the motion on February 8, 1994.  Notice
of appeal was filed on February 16, 1994.  Because the notice of
appeal was not filed within ten days after the entry of judgment,

[*]      District Judge of the Northern District of Texas, sitting by
designation.

this court, sua sponte, sought supplemental briefing on the question whether we have appellate jurisdiction. Under our prior holdings, a "timely" motion to reconsider would have tolled the 10-day period for filing notice, but here the potential application of two different rules of computation make it arguable whether the motion was indeed timely. Having considered the alternatives, we conclude that Fed. R. Crim. P. 45 governs the computation of timeliness of a motion to reconsider and, by that standard, Brewer's motion was timely. Reviewing the merits of the appeal and finding no reversible error, we affirm.

Prior to 1993, Fed. R. App. P. 4(b), governing the time period in which to file a notice of appeal in criminal cases, listed several motions that, if timely made, toll the time to appeal till after entry of an order denying the motion. However, a motion for reconsideration, which is a judicial creation not derived from statutes or rules, was not among the motions listed. Nevertheless, this court held that criminal case motions for reconsideration are timely if filed within the time prescribed for noticing an appeal under Fed. R. App. P. 4(b) and, so filed, they "destroy the finality" of the underlying judgment. United States v. Cook, 670 F.2d 46, 48 (5th Cir.), cert. denied, 456 U.S. 982, 102 S.Ct. 2255 (1982). The court stated that "the effect of a timely filed motion to reconsider is to extend the time in which to appeal so that it begins to run when the motion is denied." United States v. Lewis, 921 F.2d 563, 564-65 (5th Cir. 1991) (citing United States v. Healy, 376 U.S. 75, 78, 84

2

S.Ct. 553, 555 (1964)).  Thus, in essence, the court gave a timely filed motion for reconsideration the same tolling effect as the motions expressly addressed by Fed. R. App. 4(b).

In December 1993, Fed. R. App. P. 4(b) was amended, adding to and setting forth somewhat more explicitly the motions that when timely filed toll the time for appeal.  Again motions for reconsideration were not listed, raising the question whether the amendment overruled or significantly altered the holding in Cook.  According to the Advisory Committee on Appellate Rules, however, the changes in Rule 4(b) are merely grammatical, and "[n]o substantive change is intended."  Fed. R. App. P. 4(b), Advisory Committee's Note.  Without specifically discussing the 1993 amendment, the Eighth Circuit has continued to follow the judicial rule that a timely motion for reconsideration tolls the period to file an appeal.  United States v. Ridl, 26 F.3d 73, 74 (8th Cir. 1994) ("government's motion for reconsideration postponed the commencement of the thirty day period for appealing [the judgment] until the motion for reconsideration had been ruled upon.").  Given that motions for reconsideration are a creation of caselaw, not the Federal Rules, we conclude that a change in Fed. R. App. P. 4(b) that does not expressly reject or alter the results of that caselaw should not be read to reverse it implicitly.

But that holding alone does not end the jurisdictional inquiry in this case.  Because of differences in the methods of computation of time between Fed. R. Crim. P. 45 and Fed. R. App.

3

P. 26(a), the question remains how to determine whether Brewer's motion to reconsider was "timely filed" for purposes of Fed. R. App. P. 4(b).  Fed. R. Crim. P. 45 provides, in regard to criminal proceedings in district court, that "[w]hen a period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  On the other hand, Fed. R. App. P. 26(a), governing computation under the Appellate Rules, states that intermediate Saturdays, Sundays, and legal holidays are excluded only "[w]hen the period of time prescribed or allowed is less than 7 days."  Brewer's motion was timely under Fed. R. Crim. P. 45 but not under Fed. R. App. P. 26(a).

In favor of applying Fed. R. Crim. P. 45, Brewer argues that the motion for reconsideration is a proceeding in district court and should be governed by the timeliness rules of the district court.  Brewer asserts that a motion to reconsider is analogous to a motion for new trial, and that since Fed. R. Crim. P. 45(a) governs the timeliness of a motion for a new trial, so should it govern a motion for reconsideration.  Fed. R. App. P. 4(b) itself tolls the period for filing a notice of appeal "[i]f a defendant makes a timely motion specified immediately below, <u>in accordance with the Federal Rules of Criminal Procedure</u>." (Emphasis added).  Of course, as discussed earlier, motions for reconsideration are not among the motions specified in Fed. R. App. P. 4(b) and since the 10-day period to file an appeal is computed under Fed. R. App. P. 26(a), it could be argued that the

4

timeliness of a motion for reconsideration should be determined under the latter rule. Nonetheless, this court is mindful of the confusion that could arise if Fed. R. App. P. 26(a), rather than Fed. R. Crim P. 45, governed the counting of days for a motion to reconsider; by applying each rule to a different set of post-judgment criminal motions, the actual time for filing similar motions governed by the same nominal 10-day period would effectively be different. Moreover, since application of Fed. R. App. P. 26(a) would lead to a shorter filing period, any confusion its application might engender would disfavor defendants. Accordingly, we conclude that timeliness of a criminal defendant's motion to reconsider should be governed by Fed. R. Crim P. 45. Brewer's motion was timely under that rule, tolling the period for filing his appeal. His notice of appeal was timely filed after the district court's order denying the motion for reconsideration. Therefore, we have appellate jurisdiction over Brewer's appeal.

Brewer raises three issues on appeal. First, he contends that he received ineffective assistance of counsel during the entry of the guilty plea and subsequent sentencing. Brewer argues that but for the ineffective assistance, he would not have pled guilty. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366 (1985).

The plea agreement in this case, which is clear and unambiguous, specifically negated the existence of any guarantees about lenient sentencing and indicated that sentencing would be

5

determined by the district court. The document expressly negated the existence of any other agreements outside the written document. Further, Brewer stated in the agreement that he and his then attorney, Benjamin Durant, had thoroughly reviewed all aspects of the case and that Brewer was fully satisfied with his counsel's representation. The trial court found that the affidavits by Brewer and Durant submitted in support of the motion for reconsideration were merely conclusory, and were unconvincing when compared with the clear and unambiguous declarations in the plea agreement. We agree. Brewer has failed to prove that his attorney's conduct with regard to the plea agreement fell below an objective standard of reasonableness.

Similarly, Brewer's arguments alleging ineffectiveness and prejudice because his counsel failed to make certain objections at sentencing are without merit. Brewer notes that the PSR represented the loss involved in his offense as $89,000, that is, the full amount of the loan obtained through Brewer's false statement. After auctioning the property acquired with the loan, however, HUD actually incurred a loss of only $35,000. Brewer contends his counsel should have objected to the PSI's use of the higher amount. Even accepting this contention, we find no prejudice resulted. Commentary to the Sentencing Guidelines advises that in the case of fraudulent loan applications, the loss is the actual loss to the victim or, where the intended loss is greater, the intended loss. U.S.S.G. § 2F1.1, Application Note 7(b). Applying this reasoning, we have found it proper to

6

calculate loss based on the risk engendered by the defendant's criminal conduct, even where the actual loss was lower. See, e.g., United States v. Wimbish, 980 F.2d 312, 316 (5th Cir. 1992), cert. denied, 113 S.Ct. 2365 (1993). A district court's determination of the amount of loss caused by fraud is given wide latitude. United States v. Sowels, 998 F.2d 249, 251 (5th Cir. 1993), cert. denied, 114 S.Ct. 1076 (1994). Thus, even if Brewer's counsel had objected to use of the full loan amount, it would have been within the district court's discretion to use the full amount as the loss. Moreover, even assuming the court would have accepted the objection and used the lower amount of loss, counsel's failure to make the objection cannot be said to have seriously prejudiced Brewer. The two-point possible reduction in base level arising from the lower loss amount would have caused at best a six-month decrease in sentence range, and Brewer's 30-month sentence would remain within the new range. Consequently, we cannot say there is any probability that a lower sentence would have resulted.

Brewer's other issues relating to counsel's ineffectiveness at sentencing are equally unavailing. The PSR's determination that Brewer's participation amounted to "more than minimal planning" is clearly correct and in accordance with U.S.S.G. § 1B1.1, Application Note 1(f). In addition, Brewer has produced no evidence supporting his allegation that the PSR's account of his criminal history was incorrect. In sum, Brewer's ineffectiveness arguments must be rejected because he has failed

7

to prove his counsel acted in other than an objectively reasonable manner or that counsel's conduct resulted in actual prejudice.

As his second error, Brewer contends that the district court abused its discretion by refusing to allow him to withdraw his guilty plea. Viewing the totality of the circumstances before the district court, including that (1) Brewer failed to allege actual innocence of the charge, (2) Brewer's initial plea was made knowingly and voluntarily, and (3) lengthy delay would result from allowing the withdrawal, we cannot find that the district court abused its discretion in denying Brewer's motion to withdraw his plea. United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984), cert. denied, 471 U.S. 1004 (1985) (setting out factors which district court should consider when ruling on motion to withdraw guilty plea and holding that district court ruling on withdrawal motion must be accorded "broad discretion").

Finally, Brewer argues that the trial court abused its discretion in refusing to set a hearing on his motion for new trial and/or reconsideration based upon "new facts." However, Brewer failed to prove that his "new evidence" was unknown at the time of his plea, was in fact newly discovered and that its recent discovery was in no way attributable to a previous lack of diligence. See United States v. Metz, 652 F.2d 478, 479-81 (5th Cir. Unit A 1981). The district court did not abuse its discretion by refusing to grant the requested hearing.

8

For the foregoing reasons, the judgment and sentence of the district court are <u>AFFIRMED</u>.