IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30646
(Summary Calendar)
_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

EDUARDO PENA, also known as Wado, also known as Nelson
Torres,

                                    Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CR-145-2)
- - - - - - - - - -
May 18, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Eduardo Pena appeals his guilty-plea conviction and sentence
for murder in furtherance of a continuing criminal enterprise,
conspiracy to possess with intent to distribute cocaine
hydrochloride, conspiracy to possess with intent to distribute
marijuana, conspiracy to use and carry a firearm, conspiracy to
launder money, and aiding and abetting.  Pena did not file his
notice of appeal within ten days of entry of judgment.  See Fed. R.

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

App. P. 4(b)(1). Jurisdiction is therefore at issue. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000). It is not clear whether the appeal period was tolled by Pena's postjudgment motion to vacate his sentence and withdraw his guilty plea. See United States v. Carmouche, 138 F.3d 1014 (5th Cir. 1998); United States v. Brewer, 60 F.3d 1142, 1143-44 (5th Cir. 1995); Fed. R. Crim. P. 32(e). We need not reach this issue, however, because Pena's appeal is frivolous. See e.g., Alvarez, 210 F.3d at 310. We lack jurisdiction to review the district court's decision not to depart downward from the guideline range because the district court did not base its decision on an erroneous belief that it lacked the authority to depart. United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).

Under Fed. R. Crim. P. 32(e), Pena's post-sentencing request to withdraw his plea or vacate his sentence must be made either on direct appeal or pursuant to a § 2255 motion. The plea agreement precludes him from appealing his sentence or filing a § 2255 motion, however, unless his sentence exceeds the statutory maximum penalty or constitutes an upward departure from the guidelines. As the district court sentenced Pena within the applicable guideline range, he is not entitled to move to vacate his sentence or withdraw his guilty plea. Fed. R. Crim. P. 32(e).

2

Pena's appeal is without arguable merit and frivolous.  <u>See</u>

<u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).  We therefore

dismiss it.  <u>See</u> 5th Cir. R. 42.2.

APPEAL DISMISSED.