IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10184
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

DENNIS RAY LANIER,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94-CR-147-2-A
--------------------
October 29, 2002
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Dennis Ray Lanier, federal prisoner # 26215-077, appeals
from the district court's denial of his postjudgment motion to
dismiss his indictment pursuant to FED. R. CRIM. P. 12(b)(2).
Lanier had pleaded guilty to one count of conspiracy to possess
with intent to distribute one kilogram or more of
methamphetamine.

        Lanier's motion for reconsideration was filed only one
business day late and, thus, is deemed timely filed.  See FED. R.

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

CRIM. P. 45; FED. R. APP. P. 4(b); Houston v. Lack, 487 U.S. 266, 276 (1988); United States v. Brewer, 60 F.3d 1142, 1143-44 (5th Cir. 1995).  Similarly, Lanier's notice of appeal, filed two business days late, is also deemed timely filed.  FED. R. APP. P. 4(b)(3)(A), 26(a); Houston, 487 U.S. at 276.  Therefore, we have jurisdiction over Lanier's appeal.

Relying upon Apprendi v. New Jersey, 530 U.S. 466 (2000), Lanier argues that his indictment was defective and that the court was deprived of jurisdiction, because the indictment failed to charge a weapon enhancement and a pure methamphetamine drug classification.  A defective indictment, however, does not deprive a court of jurisdiction.  United States v. Cotton, 122 S. Ct. 1781 (2002).  Rule 12(b)(2)'s provision that defenses and objections based on the indictment's failure to show jurisdiction or to charge an offense "shall be noticed by the court at any time during the pendency of the proceedings" is thus inapplicable to Lanier's Apprendi-based claim.  Lanier's claim therefore falls into the residual category of defects which must be raised prior to trial.  See FED. R. CRIM. P. 12(b)(2).  Lanier's motion was made postjudgment, and therefore, Rule 12(b)(2) affords him no relief.  Accordingly, the judgment of the district court is AFFIRMED.