IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41049
Summary Calendar
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

HECTOR ALONZO

                    Defendant - Appellant

                    --------------------
           Appeal from the United States District Court
               for the Southern District of Texas
                    USDC No. L-00-CR-238-ALL
                    --------------------
                      February 26, 2003

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Hector Alonzo, federal prisoner number 90913-079, appeals
the denial of his motion for modification of his sentence
pursuant to 18 U.S.C. § 3582(c)(2).  He argues that Amendment 635
is a clarification of U.S.S.G. § 3B1.2 (Mitigating Role) and
should be applied retroactively.[**]

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

    [**] The Government argues that Alonzo's appeal was untimely
because his motion for reconsideration was filed more than ten
days after the district court entered its judgment denying his
motion for a modification of sentence.  Alonzo's motion for

Amendments to the Sentencing Guidelines may not be applied retroactively upon a motion under 18 U.S.C. § 3582(c)(2) unless they are specifically set forth in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10(a), p.s. (Nov. 2001). Amendment 635 is not listed in U.S.S.G. § 1B1.10(c) and therefore may not be applied retroactively under Alonzo's motion. See United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996) (amendment not listed in U.S.S.G. § 1B1.10(c) "cannot be given retroactive effect in the context of a § 3582(c)(2) motion").

Alonzo argues, in the alternative, that the Sentencing Commission acted arbitrarily and capriciously, violating his civil and constitutional rights, by not making Amendment 635 retroactive under 18 U.S.C. § 3582(c)(2) motions. The Sentencing Commission considers factors such as "the purpose of the amendment, the magnitude of the change in the guideline range made by the amendment, and the difficulty of applying the amendment retroactively to determine an amended guideline range...." U.S.S.G. § 1B1.10, comment. (backg'd.). Alonzo has not shown that the Sentencing Commission's determination of which amendments are retroactively applicable under 18 U.S.C. § 3582(c)(2) was arbitrary or without a rational basis. The district court order is AFFIRMED.

---

reconsideration and thus his appeal are in fact timely. See FED. R. CRIM. P. 45; see also United States v. Brewer, 60 F.3d 1142, 1143-44 (5th Cir. 1995).