**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 20, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10277
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TERRY LEE OWENS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CR-172-ALL
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Terry Lee Owens, federal prisoner # 29251-077, appeals from the denial of his 18 U.S.C. § 3852(c)(2) motion for modification of his sentence.  He argues that Amendment 591 to the Sentencing Guidelines retroactively changed U.S.S.G. § 1B1.3 (Relevant Conduct) to allow for punishment of a defendant only for conduct pertaining to the count of conviction and, therefore, that his guidelines should be recalculated.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We first address the Government's contention that Owens' notice of appeal was not timely filed. Contrary to the Government's assertion, judgment denying Owens' motion for modification was not entered on the criminal docket until February 7, 2003. See FED. R. APP. P. 4(b)(6). Owens' motion for reconsideration was filed within ten days of entry of that judgment and, thus, had a suspensive effect on the time for filing a notice of appeal. See United States v. Brewer, 60 F.3d 1142, 1144 (5th Cir. 1995). Owens' notice of appeal was therefore timely, and we have jurisdiction to entertain the appeal.

The appeal, however, is frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Amendment 591 amended the Guidelines to provide that the enhanced penalties of U.S.S.G. § 2D1.2 applied only where a defendant was convicted of an offense referenced to that guideline. U.S.S.G., App. C Supp., amend. 591, p. 32 (Reasons for Amendment) (2001). Owens, however, did not receive a § 2D1.2 enhancement; Amendment 591 is therefore inapplicable to his sentence.

APPEAL DISMISSED.