United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41608
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIM C. WILLIAMS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
(C-02-CR-105-1)
---------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Tim C. Williams appeals from his conviction, sentence, and final order of criminal forfeiture following his plea of guilty to conspiracy to launder money and conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h); 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. We must examine the basis of our jurisdiction, and must do so on our own motion if necessary. See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under FED. R. APP. P. 4(b)(3), the time period for filing a notice of appeal is tolled by the filing of specified postjudgment motions. Although not listed among the motions in Rule 4(b)(3)(A), a motion for reconsideration tolls the 10-day period for filing a notice of appeal. See United States v. Brewer, 60 F.3d 1142, 1143-44 (5th Cir. 1995); United States v. Greenwood, 974 F.2d 1449, 1465-67 (5th Cir. 1992). Williams's November 5, 2002, "Opposed Motion to Vacate Conviction and Sentence, and to Dismiss the Indictment," was filed within 10 days of the entry of Williams's final judgment of conviction and sentence and thus was a timely-filed motion for reconsideration. As such, it suspended the time for filing a notice of appeal. See Brewer, 60 F.3d at 1143-44; FED. R. APP. P. 4(b).

As the district court has not ruled on Williams's motion for reconsideration, this case must be REMANDED for the limited purposes of allowing that court to rule on that motion. The district court is directed to rule on Williams's motion for reconsideration as expeditiously as practicable, consistent with a just and fair disposition of the matter. See Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994). We retain jurisdiction over the appeal except for the purposes of the limited remand. Williams's "Unopposed Motion to Supplement the Record with Government's Motion and District Court's Order Unsealing Sentencing Transcripts" is HELD IN ABEYANCE pending district court's ruling in this limited remand.

LIMITED REMAND.