United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51254
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CLINT SCARVER, also known as C-Low,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-159-ALL
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Clint Scarver appeals from an order revoking his supervised
release and resentencing him to 24 months' imprisonment and 31
months' supervised release.

    Before addressing the merits of the appeal, this court must
examine the basis of its jurisdiction on its own motion if
necessary.  See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir.
1987).  Under FED. R. APP. P. 4(b)(3), the time period for filing
a notice of appeal is tolled by the filing of certain

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

postjudgment motions.  Although not listed among the motions in Rule 4(b)(3)(A), a motion for reconsideration tolls the 10-day period for filing the notice of appeal.  See United States v. Brewer, 60 F.3d 1142, 1143-44 (5th Cir. 1995); United States v. Greenwood, 974 F.2d 1449, 1465-67 (5th Cir. 1992).  Scarver's October 20, 2003, "Motion to Reconsider Sentence Imposed at Final Revocation Hearing" was filed within 10 days of the entry of judgment and thus was a timely filed motion for reconsideration, which suspended the time for filing a notice of appeal.  See Brewer, 60 F.3d at 1143-44; FED. R. APP. P. 4(b).

Because the district court has not ruled on Scarver's motion for reconsideration, this case must be REMANDED for the limited purpose of ruling on that motion.  The district court is directed to rule on Scarver's motion for reconsideration as expeditiously as possible, consistent with a just and fair disposition thereof. See Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994).  This court retains jurisdiction over the appeal except for the purposes of the limited remand.

LIMITED REMAND.