**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 28, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

----

No. 04-40519
Summary Calendar

----

UNITED STATES OF AMERICA,

                                                          Plaintiff-
                                Appellee,

                        versus

LIONEL MOORE, also known as Doc,

                                                          Defendant-
                                Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:99-CR-10-12
--------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Lionel Moore appeals from the district court's order that denied for lack of jurisdiction or,

alternatively, on the merits Moore's motion to dismiss the 1999 order that accepted Moore's guilty

plea and from the district court's "Nunc Pro Tunc Order Accepting Guilty Plea." Moore contends

that because the indictment did not allege a drug quantity and the magistrate judge misadvised him

----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

at rearraignment of the potential sentence he faced, he entered an unknowing and involuntary guilty plea. Moore asserts that he did not understand the consequences of his plea, and the error affected his substantial rights. Moore argues that the district court's nunc pro tunc order that accepted his plea adjudged him guilty of an offense on which he had not been arraigned and to which he did not plead guilty.

We must examine the basis of our jurisdiction on our own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). A motion for reconsideration in a criminal case is timely if filed within the time prescribed for noticing an appeal under FED. R. APP. P. 4(b). United States v. Brewer, 60 F.3d 1142, 1143 (5th Cir. 1995).

Moore's amended judgment on re-sentencing was entered on February 17, 2004. As the district court determined, if Moore's motion to dismiss the 1999 order is construed as a motion for reconsideration of a criminal judgment, Moore had until March 2, 2004, to timely file the motion. FED. R. APP. P. 4(b)(1)(i); Brewer, 60 F.3d at 1143. Moore filed the motion on March 5, 2004. As the district court correctly observed, t he motion was not timely filed, and the district court was without jurisdiction to consider it.

The district court's nunc pro tunc order corrected a clerical error. Rule 36, FED. R. CRIM. P., provides that the district court "may at any time correct a clerical error in a judgment, order, or other part of the record."

Accordingly, the district court's denial of Moore's motion to dismiss the 1999 order and the district court's Nunc Pro Tunc Order Accepting Guilty Plea are AFFIRMED.