United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60213
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANNY HUBBARD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
No. 5:04-CV-89
No. 5:03-CR-1
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Danny Hubbard, a federal prisoner, seeks a certificate of ap-

pealability ("COA") to appeal the denial of his 28 U.S.C. § 2255

motion as barred by his appeal waiver.  Giving Hubbard the benefit

of liberal construction of his filings, we glean that he argues

that trial counsel was ineffective for failing to (1) file a notice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

of appeal; (2) provide him with a copy of the plea agreement until three days after sentencing; and (3) advise him of the contents of the plea agreement. He indicates that his plea and his appeal were not knowingly and voluntarily entered and that he suffers from severe glaucoma that limited his ability to read the terms of the plea agreement.

A COA may be issued only if Hubbard has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). When the denial of relief is based on procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The record reflects that Hubbard wrote a letter to the district court, filed on August 11, 2003, seeking reconsideration of his sentence or alternatively that his letter serve as his notice of appeal; the letter should have been construed as a timely filed motion for reconsideration of the August 15, 2003, judgment of conviction. See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987); United States v. Greenwood, 974 F.2d 1449, 1465-66 (5th Cir. 1992). Hubbard's motion for reconsideration thus effectively tolled the

ten-day period for filing a timely notice of appeal. See United States v. Brewer, 60 F.3d 1142, 1143-44 (5th Cir. 1995); FED. R. APP. P. 4(b)(1)(A). Because a motion for reconsideration in a criminal case also destroys the finality of the underlying decision, the August 15, 2003, judgment is not final. See Brewer, 60 F.3d at 1143-44; United States v. Hatten, 167 F.3d 884, 886 n.2 (5th Cir. 1999). Hubbard's § 2255 motion is therefore premature. See Fassler v. United States, 858 F.2d 1016, 1019 (5th Cir. 1988) (holding that "a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal").

Accordingly, the motion for a COA is granted. The order denying Hubbard's § 2255 motion is vacated, and the matter is remanded. The district court is instructed to (1) dismiss Hubbard's § 2255 motion without prejudice; (2) construe his letter filed on August 11, 2003, as a timely filed motion for reconsideration of his sentence; and (3) advise him that he may file a notice of appeal within ten days of the entry of the ruling on his motion for reconsideration of sentence.

COA GRANTED; VACATED AND REMANDED WITH INSTRUCTIONS.