# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2012

Lyle W. Cayce
Clerk

No. 12-10158
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DWAYNE ARTONIO MAYES, also known as Monster,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CR-41-3

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

After pleading guilty in 2007 to conspiracy to distribute and possess with the intent to distribute cocaine base, Dwayne Artonio Mayes, federal prisoner # 36397-177, was sentenced as a career offender under the Sentencing Guidelines to 188 months of imprisonment. Mayes now moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10158

By so moving, Mayes challenges the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Although Mayes's notice of appeal was not filed within 14 days of the entry of the order denying his § 3582(c)(2) motion, a motion filed by Mayes seeking vacatur of that order constituted, with the benefit of liberal construction, a motion for reconsideration that extended his time for filing an appeal sufficiently to make his notice of appeal timely. *See United States v. Brewer*, 60 F.3d 1142, 1143-44 (5th Cir. 1995).

Mayes's § 3582(c)(2) motion relied on Amendment 750 to the Guidelines, which had the effect of lowering the offense levels under U.S.S.G. § 2D1.1 for most crack cocaine offenses. Mayes challenges the district court's determination that he was ineligible for relief under § 3582(c)(2) because his sentence ultimately rested on the career offender provision under § 4B1.1 rather than § 2D1.1. According to Mayes, his sentence was based on § 2D1.1 because § 2D1.1 represented the starting point for the calculation of his guidelines range; the refusal to reduce his sentence would constitute a miscarriage of justice due to the inequity of the disparity in punishments for crack cocaine compared to powder cocaine; the mandatory nature of § 1B1.10 violates the separation-of-powers doctrine by limiting judicial discretion to reduce a defendant's sentence; and he was deprived of the opportunity to file a reply to the Government's response to his § 3582(c)(2) motion because he never received a copy of the Government's response.

Mayes's arguments fail. "The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders," *United States v. Anderson*, 591 F.3d 789, 791 & n.9 (5th Cir. 2009), and the mandatory nature of § 1B1.10 does

not violate the separation-of-powers doctrine, *United States v. Garcia*, 655 F.3d 426, 434-35 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1124 (2012).  Given that Mayes's § 3582(c)(2) motion did not entitle him to any relief as a matter of law, his complaint regarding his lack of opportunity to file a reply does not present a nonfrivolous issue for appeal.

Asserting that two motions he filed in the district court remain pending, Mayes requests that, in the event we do not remand his case for reconsideration of the denial of his § 3582(c)(2) motion, his case be remanded with instructions for the district court to rule on the motions and to allow him to move in the district court to file a late notice of appeal based on excusable error.  We deny these requests.  The motions referred to by Mayes were denied by the district court on January 24, 2012, and February 1, 2012, respectively, and, as discussed above, Mayes's notice of appeal was timely.

Mayes has failed to demonstrate a nonfrivolous issue for appeal. Accordingly, his motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.