DLD-127                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3741
_____

UNITED STATES OF AMERICA

v.

LAVAR BROWN,
                                     Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2:06-cr-00365-001)
District Judge:  Honorable Anita B. Brody
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: March 8, 2013)
_____

OPINION
_____

PER CURIAM

LaVar Brown, a federal inmate proceeding pro se, appeals from an order of the United

States District Court for the Eastern District of Pennsylvania denying his motion for

reconsideration of the denial of his motion for a new trial pursuant to Fed. R. Crim. P. 33.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

I.

On September 29, 2009, a jury convicted Brown of conspiracy to commit armed bank robbery; aiding and abetting armed bank robbery; aiding and abetting the carrying and use of a firearm during and in relation to a crime of violence; and being a convicted felon in possession of a firearm.[1] The District Court subsequently sentenced Brown to a total of 300 months' incarceration. This Court affirmed his judgment of conviction and sentence. See United States v. Brown, 445 F. App'x 474 (3d Cir. Sept. 20, 2011).

In February 2012, Brown filed a motion pursuant to Fed. R. Crim. P. 33, alleging newly discovered evidence and requesting that the District Court dismiss all of the charges against him, remove his career offender status, or grant him a new trial. He later filed a supplement to his motion. On April 19, 2012, the District Court denied his motion because it restated his previously litigated claims and failed to present any newly discovered evidence. Brown filed a motion for reconsideration on May 8, 2012,[2] which the District Court denied on August 28, 2012. Brown then filed this appeal.

---

[1] Prior to trial, Brown filed a motion to suppress evidence and a motion to dismiss Counts One through Three of the indictment, asserting that 18 U.S.C. § 2113 was an unconstitutional exercise of Congress' power to regulate interstate commerce. The District Court denied Brown's pretrial motions.

[2] Brown dated his motion for reconsideration May 8, 2012; however, it was not docketed until July 31, 2012. Under the "mailbox rule," Brown's motion is considered filed as of May 8, 2012. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

## II.

We must first determine the scope of this appeal. Under Fed. R. App. P. 4(b)(1)(A), a defendant must file his notice of appeal "within 14 days . . . of the entry of either the judgment or the order being appealed." A motion for reconsideration can toll the time for taking an appeal if filed within the period allotted for filing a notice of appeal. See United States v. Christy, 3 F.3d 765, 767 n.1 (4th Cir. 1993); see also United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1992) (per curiam) (noting that "the timely filing of such a motion in a criminal action tolls the time for filing a notice of appeal and the time begins to run anew following disposition of the motion"). The District Court's order denying Brown's motion for a new trial was entered on April 19, 2012, but he did not file his motion for reconsideration until May 8, 2012. Accordingly, Brown's motion for reconsideration did not toll the period for filing a notice of appeal. See United States v. Brewer, 60 F.3d 1142, 1144 (5th Cir. 1995).

However, the time limit for filing an appeal in a criminal case is not jurisdictional. Virgin Islands v. Martinez, 620 F.3d 321, 328 (3d Cir. 2010). Here, the Government failed to raise the issue and therefore waived it. Id. at 329; see also United States v. Muhammud, 701 F.3d 109, 11 (3d Cir. 2012). Because the delay in filing the motion was not inordinate, we exercise our discretion to consider the appeal from both the underlying order denying his Fed. R. Crim. P. 33 motion and the District Court's July 31, 2012 order denying Brown's reconsideration motion. See United States v. Mitchell, 518 F.3d 740, 750 (10th Cir. 2008) (noting that a court should not sua sponte raise the time bar in criminal cases "when judicial resources and administration are not implicated and the delay has not been inordinate").

3

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the denial of a motion for a new trial is for abuse of discretion, bearing in mind that such motions are not favored and should be granted in exceptional cases only. See United States v. Silveus, 542 F.3d 993, 1005 (3d Cir. 2008) (citations omitted). A district court abuses its discretion when "its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." United States v. Brown, 595 F.3d 498, 511 (3d Cir. 2010) (quoting Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002)). We also review the denial of a motion for reconsideration for abuse of discretion. United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010). The purpose of such a motion "is to correct a clear error of law or to prevent a manifest injustice in the District Court's original ruling." Id.

### III.

The test we apply to determine whether to grant a new trial based on newly discovered evidence has five parts:

> (a) the evidence must be[,] in fact, newly discovered, i.e., discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) evidence relied on[] must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

United States v. Jasin, 280 F.3d 355, 361 (3d Cir. 2002) (quoting United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976)). Evidence is not newly discovered if it was actually known or could have been known by the diligence of the defendant or his counsel. United States v. Cimera, 459 F.3d 452, 460 (3d Cir. 2006).

4

After reviewing the record, we determine that the District Court did not abuse its discretion in denying Brown's motion for a new trial. We agree that Brown's motion merely restates his previously litigated claims and fails to present any newly discovered evidence. While Brown cites case law decided after his conviction to support his arguments, case law is not evidence that satisfies the requirements of Fed. R. Crim. P. 33. Similarly, the District Court did not abuse its discretion in denying Brown's motion for reconsideration, as it only restated his arguments from his motion for a new trial.

IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.