# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2021

Lyle W. Cayce
Clerk

No. 20-50817
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MELVIN LEE SULLIVAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CR-738-3

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Melvin Lee Sullivan, federal prisoner # 66136-380, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion, which sought compassionate release on the ground that he is medically vulnerable to COVID-19 in the prison setting. Despite the Government's assertion to the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50817

contrary, Sullivan's notice of appeal was timely filed within 14 days after the entry of the order denying his motion for reconsideration. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 4(c)(1)(A)(ii); *United States v. Brewer*, 60 F.3d 1142, 1143-44 (5th Cir. 1995).

A district court may modify a defendant's sentence, after considering the applicable 18 U.S.C. § 3553(a) factors, if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements." § 3582(c)(1)(A). We review a district court's decision denying compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

In its denial order, the district court determined, after considering the § 3553(a) factors and the applicable policy statements and "complete[ly] review[ing]" the motion on the merits, that Sullivan failed to show any extraordinary and compelling reasons, that he "still pose[d] a significant danger to the safety of the community," and that the § 3553(a) factors "strongly disfavor[ed]" a sentence reduction. We recently concluded that, in addressing a prisoner's motion for compassionate release, the district court is "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in § 3553(a)" and not by either the policy statement of U.S.S.G. § 1B1.13 or its commentary. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To the extent that the district court here relied on § 1B1.13, the record does not suggest that the district court considered it to be binding.

In any event, we may affirm on any basis supported by the record. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014). The district court's denial of relief in this case was also based on two proper grounds, namely the lack of extraordinary and compelling reasons warranting a reduction, § 3582(c)(1)(A)(i), and a balancing of the § 3553(a) factors. *See Shkambi*, 993 F.3d at 392-93; *see also United States v. Cooper*, 996 F.3d 283,

No. 20-50817

20-20485, 2021 WL 1661493, at *4 (5th Cir. Apr. 28, 2021) (referencing a distinction between an order erroneously based on the limits of § 1B1.13 with an order that alternatively denied relief based on a discretionary balancing of the § 3553(a) factors).

Sullivan's child sex trafficking offense was especially serious, as he was directly involved in and profited from the forced prostitution and sexual exploitation of very young teenaged girls. *See* § 3553(a)(1). Additionally, Sullivan has served only a small fraction of his 300-month sentence, and his asserted medical conditions of a prior heart attack, hypertension, and high cholesterol do not appear to be extraordinary, even in the context of COVID-19 in a prison setting. *See* § 3582(c)(1)(A)(i); *United States v. Thompson*, 984 F.3d 431, 434-35 & nn.8, 10 (5th Cir.), *cert. denied*, 2021 WL 2044647 (U.S. May 24, 2021) (No. 20-7832). And since Sullivan will not be eligible for release until May 2037, it appears that his early release would not provide just punishment or adequate deterrence. *See* § 3553(a)(2)(A)-(B); *Chambliss*, 948 F.3d at 694. Moreover, Sullivan has not yet served the 10-year mandatory minimum sentence for his offense, indicating that early release would undermine the seriousness of this offense as determined by statute. *See* § 3553(a)(2)(A); 18 U.S.C. § 1591(b)(2).

Finally, Sullivan's renewed assertion that his postsentencing rehabilitation efforts should have weighed in favor of release is, in essence, a disagreement with the manner in which the district court weighed the § 3553(a) factors, which is insufficient to show an abuse of discretion on the district court's part. *See Chambliss*, 948 F.3d at 694. In light of the foregoing, the district court's judgment is AFFIRMED.