# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2022

Lyle W. Cayce
Clerk

No. 20-40801

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Lavell McFadden,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-55

Before Wiener, Graves, and Duncan, *Circuit Judges*.
Per Curiam:*

Federal prisoner Christopher McFadden appeals the denial of his motion for compassionate release based on his health problems and his risk of contracting COVID-19. He claims the district court erred under *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021). Disagreeing, we affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40801

I.

In October 2017, McFadden pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He admitted to purchasing a pistol while knowing he had been convicted of a felony. Police recovered the firearm while executing a search warrant at his residence. The district court sentenced him to seventy-one months' imprisonment, followed by three years' supervised release.

McFadden has a history of medical issues. He was diagnosed with insulin-dependent diabetes in 1998 and high blood pressure in 2010. In 2015, he was diagnosed with prostate cancer and underwent cancer removal surgery. He is currently in end-stage renal failure, requiring him to undergo dialysis three times a week. The district court knew of these conditions at the time of sentencing.

In December 2019, McFadden moved *pro se* for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing his renal failure, "problems with blood pressure," and inability "to get a donor kidney through the [Bureau of Prisons]." McFadden amended his motion in June 2020, claiming his "heightened risk" of death from COVID-19 further justified release.

On June 25, 2020, the district court denied McFadden's motion, finding no "extraordinary and compelling reason" warranting a sentence reduction. *United States v. McFadden (McFadden I)*, No. 4:17-CR-55, 2020 WL 6531937, at *3–4 (E.D. Tex. June 25, 2020). The court also concluded that McFadden posed a danger to the community if released, considering the nature and circumstances of his offense, his lengthy criminal history, and his prior noncompliance with probation. *Id.* at *5.

McFadden moved for reconsideration on July 6, 2020. He explained that his brother is willing to donate a kidney, but under Bureau of Prisons (BOP) policy, he cannot receive a transplant while in custody. The court

No. 20-40801

denied the motion on November 5, 2020. *United States v. McFadden (McFadden II)*, No. 4:17-CR-55, 2020 WL 6504462, at *1 (E.D. Tex. Nov. 5, 2020). McFadden filed a notice of appeal on November 19, 2020.

## II.

We review the denial of a compassionate-release motion for abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021) (citation omitted).

## III.

## A.

As a threshold matter, the government argues the appeal should be dismissed because McFadden noticed it more than fourteen days after the court denied his compassionate-release motion. We disagree.

McFadden timely moved for reconsideration within the fourteen-day period to notice an appeal.[1] *See* Fed. R. App. P. 4(b)(1)(A)(i); *United States v. Miramontez*, 995 F.2d 56, 58 n.2 (5th Cir. 1993) (reconsideration motions in criminal cases "are timely filed if made within the period allotted for the noticing of an appeal" (citation omitted)). McFadden's timely motion for reconsideration tolled the period to notice an appeal. *See United States v. Brewer*, 60 F.3d 1142, 1143–44 (5th Cir. 1995). The fourteen-day period to appeal restarted and "beg[an] to run when the [reconsideration] motion [wa]s denied." *Id.* at 1143 (quoting *United States v. Lewis*, 921 F.2d 563, 564–

---

[1] Under the prison mailbox rule, McFadden "filed" his submissions when he "handed [them] over to prison authorities for mailing." *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998); *see* Fed. R. App. P. 4(c)(1). The mailing envelopes for his motion for reconsideration and notice of appeal are postmarked July 6, 2020, and November 19, 2020, respectively, so we consider the documents filed on these dates. *See, e.g.*, Fed. R. App. P. 4(c)(1)(A)(ii); *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009).

65 (5th Cir. 1991)). McFadden timely filed his notice of appeal within that fourteen-day period.

## B.

McFadden argues the district court erred by relying on U.S.S.G. § 1B1.13 and treating as binding its criteria for "extraordinary and compelling" reasons warranting a reduction. He also argues the court did not consider the section 3553(a) factors, relying solely on section 1B1.13. We conclude that the district court determined that compassionate release was not warranted under the section 3553(a) factors, so we need not address McFadden's first argument.[2]

The compassionate-release statute, as amended by the First Step Act, permits a district court to reduce a defendant's term of imprisonment if, after considering the applicable section 3553(a) factors,[3] the court finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) (West 2018). The applicable policy statement is U.S.S.G. § 1B1.13. *See United States v.*

---

[2] McFadden's argument that the district court denied his reconsideration motion without addressing whether the BOP's refusal to provide a kidney transplant is an extraordinary and compelling reason warranting relief is without merit. The district court adequately addressed this issue. *McFadden II*, 2020 WL 6504462, at *2. And while McFadden's reply brief discusses deliberate indifference under *Estelle v. Gamble*, 429 U.S. 97 (1976), no such claim is properly before us.

[3] These factors include, *inter alia*, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and] (2) the need for the sentence imposed--(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)–(2).

*Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).[4]

After the district court's ruling, our court held in *Shkambi* that, by its terms, section 1B1.13 applies only to compassionate-release motions filed by the BOP, and so a court errs if it treats the policy statement as binding in deciding a prisoner's motion. 993 F.3d at 389, 392–93; *see United States v. Cooper*, 996 F.3d 283, 289 (5th Cir. 2021). The Sentencing Commission has not adopted a new policy statement in response to the First Step Act. *Shkambi*, 993 F.3d at 392. So, a prisoner who moves for compassionate release need show only an "extraordinary and compelling" reason for a sentence reduction and that a reduction is consistent with the section 3553(a) factors. *Ibid.*

Even assuming the district court considered section 1B1.13 binding, as McFadden argues, the court's reliance on the section 3553(a) factors provides an alternative basis for denying relief. *See Chambliss*, 948 F.3d at 693–94. McFadden argues the court considered only whether he posed a danger to the community under section 1B1.13 and not the section 3553(a) factors. We disagree.

The district court explained that, if it finds an extraordinary and compelling reason warrants release, it "must also consider the factors set

---

[4] Section 1B1.13 provides that "[u]pon motion of the Director of the [BOP] under 18 U.S.C. § 3582(c)(1)(A)," a court may reduce a term of imprisonment if, after considering the applicable section 3553(a) factors, it determines that (1) "[e]xtraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community," and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. The application notes in the commentary provide criteria to determine whether extraordinary and compelling reasons exist, specifying the defendant's medical condition, age, and family circumstances, as well as "other" reasons "[a]s determined by the Director of the [BOP]." *Id.* § 1B1.13, cmt. n.1.

forth in 18 U.S.C. § 3553(a), as applicable, *and* find that the sentence modification is consistent with the policy statements issued by the Commission," *i.e.*, "the defendant is not a danger to the safety of any other person or to the community." *McFadden I*, 2020 WL 6531937, at *3 (emphasis added) (footnote omitted) (first citing 18 U.S.C. § 3582(c)(1)(A); then quoting U.S.S.G. § 1B1.13(2)); *see also id.* at *3 n.1 (listing section 3553(a) factors). After finding McFadden had not shown an extraordinary and compelling reason, the court discussed the nature and circumstances of his offense, his extensive criminal history, and his prior noncompliance with probation. *Id.* at *5. It reiterated that section 3582(c)(1)(A) "requir[es] courts to consider the § 3553(a) factors before granting compassionate release." *Ibid.* (citing 18 U.S.C. § 3582(c)(1)(A)). It concluded: "in view of the circumstances of this offense and McFadden's extensive criminal history, the court cannot conclude that he would not pose a danger to any other person or to the community, if released." *Ibid.*

It is true that, in denying McFadden's motion for compassionate release, the district court couched the conclusion to its discussion of the section 3553(a) factors in terms of the policy statement. But, as we read the order, the court was merely trying to kill two birds with one stone. That this is the correct reading is confirmed by the court's order denying McFadden's reconsideration motion. The court explained that its prior order "held that after considering the factors set forth in 18 U.S.C. § 3553(a), a reduction was not warranted and that it could not conclude that McFadden would not pose a danger to any other person or to the community, if released from confinement." *McFadden II*, 2020 WL 6504462, at *1 (citing *Chambliss*, 948 F.3d at 693). Therefore, the record as a whole satisfies us that the denial of McFadden's motion was also based on the section 3553(a) factors. *Chambliss*,

No. 20-40801

948 F.3d at 693–94; *see Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018).[5]

AFFIRMED.

---

[5] *See also United States v. Shorter*, 850 F. App'x 327, 328 (5th Cir. 2021) (per curiam) (affirming denial of compassionate release despite brief explanation because "the record reflect[ed] that the district court considered the § 3553(a) factors," given it referenced the parties' submissions, which contained arguments on the factors, and it "explicitly stated that it took into account the relevant § 3553(a) factors and the applicable policy statements before it found that a sentence reduction was not warranted"); *United States v. Pleasant*, No. 21-50212, 2021 WL 5913090, at *1 (5th Cir. Dec. 14, 2021) (per curiam) (finding no abuse of discretion in considering section 1B1.13 "because the denial was also based on an assessment of the § 3553(a) factors" (citations omitted)); *cf. United States v. Hardy*, No. 20-60859, 2022 WL 402429, at *3 (5th Cir. Feb. 9, 2022) (vacating denial of compassionate release where defendant's potential danger to the community was an "inquiry that treated the policy statement as binding" because "the district court never expressly relied on § 3553(a)," even though "it effectively considered several § 3553(a) factors due to the inquiries' overlap"); *United States v. Schad*, No. 21-40393, 2021 WL 5119772, at *1 (5th Cir. Nov. 3, 2021) (per curiam) (vacating denial of compassionate release because district court "denied [defendant's] motion without specifically considering the § 3553(a) factors" or even "mention[ing] the § 3553(a) factors at any point in the proceedings").