United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2006

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 05-50280

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ELUTERIO MAURO LEIJANO-CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
m 2:04-CR-308-ALL

_____

Before JONES, Chief Judge, SMITH and
STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Eluterio Leijano-Cruz was sentenced for illegal reentry but did not file a notice of appeal or motion to extend the time to file a notice of appeal within the time set forth in Federal Rule of Appellate Procedure 4(b). The district court *sua sponte* invoked rule 4(b)'s time limit and denied Leijano-Cruz's motion for extension of time to file. Leijano-Cruz appeals that denial. We affirm.

I.

Leijano-Cruz is a Mexican citizen who reentered the United States after being removed. He was first deported in February 2004; before his deportation, he had been convicted of assault. In March 2004 he was found in Texas and pleaded guilty of illegal reentry under

8 U.S.C. § 1326. A judgment of sentence was entered on October 21, 2004.

The 10-day period for filing notice of appeal under rule 4(b)(1) expired on November 4.[1] The 30-day period for extending the time to file notice of appeal under rule 4(b)(4) ended on December 6 (30 days after the 10 days provided in rule 4(b)(1)(A)).[2]

On December 7 the Federal Public Defender filed a notice of appeal on Leijano-Cruz's behalf, and on December 10 he filed a motion to extend the time to file a notice of appeal pursuant to rule 4(b)(4), urging the district court to find that the late notice of appeal resulted from excusable neglect. The government, though served, did not respond to the motion.

The court denied the motion to extend, finding that the date the motion was filed was "beyond whatever statutory power the Court may possess to extend Defendant's deadline to file a notice of appeal." The court added that "no showing has been made of good cause or excusable neglect that would allow this Court to extend the deadline if it could." Leijano-Cruz appeals the denial, arguing that rule 4(b) is a non-jurisdictional claim-processing rule that the government forfeited by failing to object to his motion for extension.

II.

This court has traditionally held that rule 4(b) is jurisdictional and thus cannot be forfeited or waived, so we cannot hear an appeal if a party fails to comply with its timing requirements.[3] The decision in *Eberhart v. United States*, 546 U.S. 12, 126 S. Ct. 403 (2005) (per curiam), however, casts doubt on our traditional view.

In *Eberhart* the Court held that rule 33(a), which allows a district court to vacate a judgment and grant a motion for a new trial if a

---

[1] Rule 4(b)(1)(A) sets the time within which a criminal defendant must file a notice of appeal:

In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:

(i) the entry of either the judgment or the order being appealed; or

(ii) the filing of the government's notice of appeal.

FED. R. APP. P. 4(b)(1)(A).

[2] Rule 4(b)(4) states:

Upon a finding of excusable neglect or good cause, the district court maySSbefore or after the time has expired, with or without motion and noticeSSextend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

FED. R. APP. P. 4(b)(4).

[3] *See, e.g.*, *United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984) ("We are compelled to raise *sua sponte* the issue of timeliness for a timely notice of appeal is essential to our jurisdiction on appeal."); *United States v. Awalt*, 728 F.2d 704, 705 (1984) ("Courts cannot extend the time period beyond the forty-day time period prescribed by Rule 4(b). To have the opportunity to seek relief by showing excusable neglect, the late notice or some other filing evidencing an intention to appeal must be filed within the forty-day period. . . . Because Awalt's notice of appeal was not filed in time and because compliance with Rule 4(b) is mandatory and jurisdictional, his appeal must be dismissed.").

2

party complies with its strict time limitation, does not delimit subject-matter jurisdiction but is an inflexible claim-processing rule. In that case, the defendant filed a supplemental memorandum supporting his motion for a new trial six months after the deadline set out in rule 33(a). *Eberhart*, 546 U.S. at __, 126 S. Ct. at 404. The government opposed the motion on the merits, but the district court granted it. *Id.* The court of appeals reversed the award of a new trial, holding that the district court lacked jurisdiction to grant one, but the Supreme Court reversed, stating that the government had forfeited its right to raise the defense of untimeliness. *Id.* at 404, 407.

The outcome of *Eberhart* is less important for resolving this case than is its discussion of *United States v. Robinson*, 361 U.S. 220 (1960), which involved an untimely notice of appeal under Federal Rule of Criminal Procedure 37, which is the predecessor to rule 4(b).[4] *See Eberhart*, 126 S. Ct. at 406. In *Robinson*, the defendant filed a notice of appeal eleven days after the deadline in rule 37; the government objected to the untimeliness, and the court of appeals held that the district court could extend the time to file a notice of appeal (pursuant to Federal Rule of Civil Procedure 45(b)) if the untimeliness was on account of excusable neglect. *Robinson*, 361 U.S. at 221-22.

The Supreme Court disagreed and reversed, citing the rule stated in circuit court cases on the issue: "[T]he filing of a notice of appeal

within the 10-day period prescribed by Rule 37(a)(2) is mandatory and jurisdictional." *Id.* at 224. In *Eberhart*, 546 U.S. at __, 126 S. Ct. at 406, the Court explained that "*Robinson* is correct not because the district court lacked *subject-matter jurisdiction*, but because district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked." The Court further explicated "the central point of the *Robinson* case" by stating that

> when the Government objected to a filing untimely under Rule 37, the court's duty to dismiss the appeal was mandatory. The net effect of *Robinson*, viewed through the clarifying lens of *Kontrick*, is to admonish the Government that failure to object to untimely submissions entails forfeiture of the objection, and to admonish defendants that timeliness is of the essence, since the Government is unlikely to miss timeliness defects very often.

*Id.* at 406-07.

From *Eberhart*'s discussion of *Robinson*, one might conclude that rule 4(b) is nonjurisdictional, but no court of appeals has yet done so,[5] and we find it unnecessary to take that

---

[4] The Advisory Committee Notes from rule 4(b)'s 1967 adoption make plain that it merely restates rule 37: "Subdivision (b). This subdivision is derived from FRCrP 37(a)(2) [rule 37(a)(2), Federal Rules of Criminal Procedure] without change of substance."

[5] Other circuits have recognized that *Eberhart* affects rule 4(b) but have refused to decide whether rule 4(b) is jurisdictional. *See, e.g.*, *United States v. Carelock*, 459 F.3d 437, 440 n.6 (3d Cir. 2006) ("Although the language and commentary of the rules, along with their prior treatment by the Supreme Court and this Court, strongly support the conclusion that Rules 3 and 4 govern subject-matter jurisdiction, we need not answer this question at this time because waiver is not implicated here."); *United States v. Smith*, 438 F.3d 796, 801 (7th Cir. 2006) (recognizing that *Eberhart* may change (continued...)

step here. This is because, even if *Eberhart* applies to notices of appeal in criminal cases,[6] the Supreme Court there held only that a district court's decision to permit an untimely document to be considered could not be reversed in the absence of an objection by the government in the district court. *Eberhart* does not hold that a defendant, as appellant from a decision that forbade his pursuing an untimely noticed appeal, has a right to have the untimeliness disregarded.

In other words, the district court does not err, after *Eberhart*, if it enforces an inflexible claim processing rule, and we may not reverse its decision to do so. Irrespective of whether the government noted the untimeliness in the district court, it is the defendant's burden on appeal to show that the court erred in enforcing the rule.

On the facts of this case, the outcome is obvious. Leijano-Cruz did not file a timely notice of appeal, and as the district court noted, he utterly failed to assert any ground for ex-

cusable neglect. The district court could correctly enforce the time limits, regardless of whether they are jurisdictional. Irrespective of which standard of review is employed, the court neither erred nor reversibly erred in its denial of the rule 4(b)(4) motion.

AFFIRMED.

---

[5](...continued) rule 4(b) but declining to decide whether it is jurisdictional).

[6] Notices of appeal in civil cases might be different from those in criminal cases, because notices in civil cases are governed by a statutorily-based time limit. Under *Eberhart*, there is a strong rule that Federal Rule of Appellate Procedure rule 4(a), governing civil appeals, is jurisdictional. *See Bowles v. Russell*, 432 F.3d 668, 669, 672 n.1 (6th Cir. 2005) (holding that "the fourteen-day period of Rule 4(a)(6) . . . is not susceptible to extension through mistake, courtesy, or grace," because Congress limited the courts of appeals' jurisdiction for civil cases in 28 U.S.C. § 2107, a statute distinct from rule 4(a)), *cert. granted*, 2006 U.S. LEXIS 9445 (U.S. Dec. 7, 2006).