DYK, Circuit Judge,
dissenting.
I join Judge Bryson’s opinion dissenting from the majority’s decision on the US-ERRA hearing issue, and I join Part I of Judge Moore’s opinion dissenting from the majority’s decision on the VEOA equitable tolling issue. I agree with Judge Moore that even if a presumption of equitable tolling applies to this statute, that presumption has been rebutted. I write separately to note that, in my view, the doctrine of equitable tolling and the accompanying presumption should not apply to appeal periods in either the judicial or the administrative context.
The doctrine of equitable tolling is designed to militate the harsh results that would flow from the strict application of statutes of limitations. See Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The fundamental error in today’s decision lies in applying that doctrine to a statute providing a time for appeal. This error traces back to our 1998 decision in Bailey v. West, 160 F.3d 1360 (Fed.Cir.1998) (en banc). There we held that equitable tolling could apply to an administrative appeal period — in that case the period governing appeal to the Court of Veterans Appeals of a denial of service connection by the Board of Veterans’ Appeals. Four dissenting judges urged that the Bailey majority’s holding was inconsistent with the Supreme Court’s decisions in Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (citing Missouri v. Jenkins, 495 *872 U.S. 33, 45, 110 S.Ct. 1651, 109 L.Ed.2d 31 (1990)), which held that periods of appeal are mandatory and jurisdictional and not subject to tolling.[1]
Since our decision in Bailey the Supreme Court’s cases have admittedly clouded the “jurisdictional” nature of appeal periods, but have not undermined the strictness of the rule for appellate time limits mandated in Stone and Jenkins. In Kontrick v. Ryan, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), the Court held that claim-processing rules (such as the time limitation for objecting to the debtor’s discharge in the bankruptcy rule at issue in the case) are not properly termed jurisdictional, and cautioned about “less than meticulous” use of the term jurisdictional. Id. at 454-55, 124 S.Ct. 906. The Court reiterated this warning in Eberhart v. United States. 546 U.S. 12, 126 S.Ct. 403, 404-05, 163 L.Ed.2d 14 (2005). See also Scarborough v. Principi, 541 U.S. 401, 413, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004). Kontrick and related cases at most suggest that time for appeal provisions are not jurisdictional — and hence waivable — though the question whether those provisions are jurisdictional is itself under review by the Supreme Court. Bowles v. Russell, — U.S.-, 127 S.Ct. 763, 166 L.Ed.2d 590 (2006) (granting petition for writ of certiorari).[2] Whether or not appeal periods are jurisdictional, Kon-trick and its progeny do not suggest that appeal periods are subject to equitable tolling.
The majority of circuits to consider the question in the past few years have held that time for appeal provisions must be strictly enforced. Some circuits have concluded that such provisions remain mandatory and jurisdictional. Alva v. Teen Help, 469 F.3d 946, 952-53 (10th Cir.2006) (holding that Fed. R.App. Proc. 4 remains jurisdictional since “[njeither Eberhart nor Kontrick affects the jurisdictional nature of the timely filing of an [sic] civil appeal”); Bowles v. Russell, 432 F.3d 668, 671 n. 1 (6th Cir.2005), cert. granted, — U.S. -, 127 S.Ct. 763, 166 L.Ed.2d 590 (2006) (holding that Fed. R.App. Proc. 4 remains jurisdictional after Kontrick); see also Brickwood Contractors, Inc. v. Datanet Eng’g, Inc., 369 F.3d 385, 393 (4th Cir.2004) (assuming, after Kontrick, that Fed. R.App. Proc. 4 is jurisdictional). If appeal periods are mandatory and jurisdictional, as the dissent in Bailey urged, it is difficult to see how they could be subject to general equitable tolling. 160 F.3d at 1371-72.
Other circuits have held that even though the time limits may not be jurisdictional, they must be strictly enforced nonetheless. In re Johns-Manville Corp., 476 F.3d 118, 2007 WL 106516, at *4 (2d Cir. Jan.17, 2007) (“[Wjhether a cross-appeal time limit is jurisdictional or, after Eber-hart, only a ‘claim-processing rule,’ we conclude that Eberhart strongly indicates that we are to enforce that limit strictly, once it is properly invoked.”); United States v. Leijano-Cruz, 473 F.3d 571, 574 (5th Cir. *873 2006) (“[T]he district court does not err, after Eberhart, if it enforces an inflexible claim processing rule, and we may not reverse its decision to do so.”). So far as I have been able to determine, only the Ninth Circuit disagrees. See Socop-Gonzalez v. INS, 272 F.3d 1176, 1192-93 (9th Cir.2001).
In my view the circuits holding that appeal periods are to be strictly enforced are correct, and our decision in Bailey was incorrect.[3] As the Seventh Circuit has recently concluded, “[i]t is hard to see why a court should invoke equitable tolling to supply a litigant with more time to apply for review of an agency’s decision. The period for seeking administrative review, like the time for appealing a decision of the district court, usually is brief because a contest is ongoing.” Farzana K. v. Indiana Dep’t of Educ., 473 F.3d 703, 706 (7th Cir.2007).[4]
There are, moreover, powerful reasons to doubt that Congress intended equitable tolling of the short periods provided for appeal, because of the implications of such provisions on the smooth functioning of the judicial and administrative systems. As noted, the presumption of equitable tolling recognized in Irwin, 498 U.S. at 95-96, 111 S.Ct. 453 and United States v. Brockamp, 519 U.S. 347, 350, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997), arose in the context of statutes of limitations. When a statute of limitations is tolled, the efficient functioning of the adjudicatory system is not impacted because statutes of limitations merely govern the time when a case is first filed. In contrast equitable tolling of appeal periods creates a risk of making finality unattainable. For example, in this case the appellant urges that he was disabled from filing an appeal because of mental incapacity. The majority’s holding naturally implies that, if established, this would equitably toll the appeal period for the duration of his incapacity, even though that might render the decision under review non-final for many years. Under such circumstances, the setting of a short period for appeal becomes meaningless.
Nor do I see why equitable tolling of appeal periods is necessary in the interests of fairness. Unlike a potential litigant confronting a statute of limitations, an in *874 dividual who appeals an adverse decision has already determined to commence a judicial or administrative proceeding and has demonstrated the ability to participate in the process. Typically as well, in administrative cases the losing party receives actual notice of the time for appeal. If some relief for appellate time limits is necessary in the interests of fairness, Congress can explicitly provide a limited exception, as has been done in Rule 4(a)(5) of the Federal Rules of Appellate Procedure. I see no basis for applying the general doctrine of equitable tolling and its presumption to appeal periods.

. The Supreme Court's earlier decision in Bowen v. City of New York, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), admittedly is in some tension with the Supreme Court’s later cases. In Bowen the Supreme Court held that a 60-day period for filing a civil action in district court to review a decision of the Social Security Administration was subject to equitable tolling. 476 U.S. at 471-72, 481, 106 S.Ct. 2022. However, the Supreme Court repeatedly referred to the 60-day period at issue as a “statute of limitations,” rather than an appellate deadline.

. Bowles appears also to present the question whether some form of equitable tolling is available with respect to appeal periods. See Brief of Petitioner at 14, Bowles v. Russell, No. 06-5306, 2007 WL 215255 (U.S. Jan. 19, 2007).

. Even our own circuit has not been entirely consistent. See Oja v. Dep’t of Army, 405 F.3d 1349, 1359 (Fed.Cir.2005) (appeal period not subject to equitable tolling).

. It is hard to see why a court should invoke equitable tolling to supply a litigant with more time to apply for review of an agency’s decision. The period for seeking administrative review, like the time for appealing a decision of the district court, usually is brief because a contest is ongoing. The loser simply notifies the other side (by a petition for review or a notice of appeal) that argument will resume in another forum. A lawyer who misses the time to file a notice of appeal cannot invoke "equitable tolling " to justify the delay. Rules may allow judges to grant extra time. See Fed. R.App. P. 4(a)(5), (6). Once the time as extended under the Rules lapses, however, common-law tolling is unavailable; the existence of rules specifying when (and how far) time may be extended is incompatible with an open-ended power to add extra time on "equitable” grounds. Indeed, the Supreme Court has characterized the time limit for appellate review within a unitary system as "jurisdictional,” e.g., Browder v. Director of Corrections, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), and although Eberhart calls that characterization into question, the Court continues to insist that "mandatory” rules be enforced whether or not they are dubbed "jurisdictional.” Allowing more time under the rubric of equitable tolling, when a federal rule covers the subject of extensions, would just contradict the rule— and for no good reason. Once a litigant has received one or more decisions (whether from district courts or hearing officers under the IDEA) after formal adjudication, there is little point in bending the rules to allow another.
473 F.3d at 706 (emphasis added).