United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-51399

UNITED STATES OF AMERICA,

Plaintiff - Appellee.

VERSUS

WANDA LEE,

Defendant - Appellant.

Appeal from the United States District Court
for the Western District of Texas
7:04-CR-32-1

Before DAVIS, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Wanda Lee has taken an out-of-time appeal from her 2004 convictions for various drug-trafficking offenses. Lee raises three issues on appeal. Based on our review of the record and after considering the briefs of counsel, we conclude that none of Lee's arguments have merit and we therefore affirm her conviction.

I.

Wanda Lee, along with codefendants Mary Jennings and Donnie Younger, was charged in five counts of a seven-count indictment. Count one charged that all three defendants conspired to distribute at least five grams of a substance containing cocaine base (crack) within 100 feet of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

youth center, in Midland Texas, and within 1000 feet of an elementary school. Counts two, three, four, and seven are substantive distribution counts. The jury convicted Lee on all five counts. She did not appeal but subsequently filed a motion pursuant to 28 § U.S.C. 2255 asserting that her counsel had been ineffective for failing to appeal as directed. The Government did not oppose Lee's out-of-time appeal, so the district court entered an order permitting Lee to appeal. The district court did not, however, re-enter the criminal judgment. Lee now appeals.

II.

We examine *sua sponte* the basis of our jurisdiction. United States v. West, 240 F.3d 456, 458 (5th Cir. 2001) (citing United States v. Lister, 53 F.3d 66, 68 (5th Cir. 1995)). Lee's notice of appeal is late because it was filed over 17 months after the district court entered the original conviction and the district court did not re-enter the judgment when it granted the out-of-time appeal. Id. at 459 ("when leave to file an out-of-time appeal is granted, the district court should reinstate the criminal judgment to trigger the running of a new Rule 4(b) appeal period") (citing Mack v. Smith, 659 F.2d 23, 25–26 (5th Cir. 1981)). Recently, however, this Court has stated that for deadlines for filing federal notices of appeal in criminal, as opposed to civil, cases, "the rule concerning criminal cases [is] *not jurisdictional* and could be waived." United States v. Martinez, 2007 WL 2285324, *1 (5th Cir. 2007) (emphasis in original) (citing Bowles v. Russell, 127 S. Ct. 2360, 2365 (2007)). It was recently an open issue whether Fed. R. App. P. 4(b) is jurisdictional. See United States v. Leijano-Cruz, 473 F.3d 571 (5th Cir. 2006). The Supreme Court, however, recently clarified that time limits not imposed by statute are not jurisdictional. Bowles, 127 S. Ct. at 2365. The specific implication is that these time limits may be waived. Id. ("We have treated the rule-based time limit for criminal cases differently, stating that it may be

waived ....").  Accordingly, because the Government did not oppose Lee's out-of-time appeal, and has thus waived application of Rule 4(b), we may address this case on the merits.

III.

On the merits, Lee first argues that there was a fatal variance between the indictment and the Government's proof at trial.  She argues that count one of the indictment alleged a single conspiracy among Lee, Jennings, and Younger, but there was no evidence presented that Lee was involved in the drug transactions that occurred between the paid informant and Younger and there was no evidence presented that Younger was involved in the transactions that occurred between the paid informant and Lee and Jennings.  Simply put, Lee claims that the Government did not prove a single conspiracy, but instead proved a series of separate conspiracies between the defendant and each of her two codefendants.

A variance occurs when the charging terms of an indictment remain unaltered but the evidence at trial proves facts other than those alleged.  United States v. Freeman, 434 F.3d 369, 374 (5th Cir. 2005) (citing United States v. Puig-Infante, 19 F.3d 929, 935 (5th Cir. 1994)).  A variance is reviewed for harmless error.  Id.  To prevail on a claim of fatal variance, the defendant must demonstrate both that the variance was material and prejudicial to defendant's substantial rights.  Id. (quoting United States v. Guidry, 406 F.3d 314, 322 (5th Cir. 2005), cert denied, 546 U.S. 888 (2005)).

"To prove a conspiracy, the government must prove (1) the existence of an agreement between two or more persons to violate the narcotics laws; (2) that each conspirator knew of the conspiracy and intended to join it; and (3) that each alleged conspirator participated in the conspiracy."  United States v. Morris, 46 F.3d 410, 414–15 (5th Cir. 1995).  The number of

3

conspiracies proved at trial is a fact question within the jury's province. United States v. Mitchell, 484 F.3d 762, 769 (5th Cir. 2007) (citing United States v. Morrow, 177 F.3d 272, 291 (5th Cir. 1999) (per curiam)). We will affirm the jury's finding of a single conspiracy "unless the evidence and all reasonable inferences, examined in the light most favorable to the government, would preclude reasonable jurors from finding a single conspiracy beyond a reasonable doubt." Morris, 46 F.3d at 415 (quoting United States v. DeVarona, 872 F.2d 114, 118 (5th Cir. 1989)). Finally, if the evidence does point toward multiple conspiracies, the defendant's substantial rights are not affected so long as the Government establishes the defendant's involvement in at least one of the proved conspiracies. Mitchell, 484 F.3d at 770 (citing Morrow, 177 F.3d at 291).

Our review of the record satisfies us that there was sufficient overlapping of the participants in the various transactions such that a reasonable jury could find a single conspiracy beyond a reasonable doubt. We must therefore reject Lee's first argument.

IV.

Lee moved for judgment of acquittal at the close of the Government's case and did not present any evidence, therefore preserving her sufficiency challenge for appeal. See United States v. Yi, 460 F.3d 623, 629 (5th Cir. 2006). In reviewing the sufficiency of the evidence, we view the evidence and the inferences drawn therefrom in the light most favorable to the verdict. Mitchell, 484 F.3d at 768 (citing United States v. Anderson, 174 F.3d 515, 522 (5th Cir. 1999)). In doing so, we determine whether any rational jury could have found the defendant guilty beyond a reasonable doubt and "our standard of review does not change if the evidence that sustains the conviction is circumstantial rather than direct." Id. (quoting United States v. Burton, 126 F.3d 666, 669–70 (5th Cir. 1997)); United States v. Jaramillo, 42 F.3d 920, 922–23 (5th Cir. 1995) ("In

4

reviewing an appeal based on insufficient evidence, the standard is whether any reasonable trier of fact could have found that the evidence established the appellant's guilt beyond a reasonable doubt.").

A.

Lee attacks the sufficiency of the evidence to prove her conviction on each count. With respect to the conspiracy charged in count one, Lee argues that there was no evidence that all three codefendants were involved in each of the transactions. As explained above, and viewed in the light most favorable to the Government, our review of the facts satisfies us that a rational jury could find a single conspiracy among the three codefendants.

With respect to the charges in counts two and seven that Lee distributed crack, the Government was required to prove that Lee (1) knowingly (2) distributed (3) crack cocaine as alleged in the indictment. Lee argues that the only direct evidence linking her to the two drug transactions came from the testimony of a paid Government informant. A conviction may be sustained based on the testimony of a paid Government informant so long as procedural safeguards are observed. United States v. Bermea, 30 F.3d 1539, 1552 (5th Cir. 1994). The jury has the responsibility to determine the credibility of a witness, United States v. Millsaps, 157 F.3d 989, 994 (5th Cir. 1998), and concerns of witness credibility are usually not a sound basis for alleging insufficiency of the evidence on appeal, United States v. Polk, 56 F.3d 613, 620 (5th Cir. 1995). Viewed in the light most favorable to the Government, our review of the record satisfies us that a reasonable jury could find that Lee distributed crack.

With respect to the aiding and abetting the distribution of crack charged in counts three and four, the Government was required to prove that Lee (1) associated with the criminal venture,

5

(2) purposefully participated in the crime, and (3) sought by her actions for it to succeed. United States v. Garcia, 242 F.3d 593, 596 (5th Cir. 2001). "To aid and abet simply means to assist the perpetrator of a crime while sharing the requisite criminal intent." Jaramillo, 42 F.3d at 923. Lee argues that she did not aid and abet because she was merely present when the crimes took place. Viewed in the light most favorable to the Government, our review of the record satisfies us that the jury was entitled to find that Lee participated sufficiently to support the conviction for aiding and abetting the distribution of crack.

B.

Finally, Lee argues that the evidence presented at trial was insufficient to show the TEEN F.L.O.W. Youth Center was a "youth center" as defined by 21 U.S.C. § 860(e)(2) ("youth center" is "a recreational facility and/or gymnasium (including any parking lot appurtenant thereto), intended primarily for use by persons under 18 years of age, which regularly provides athletic, civic, or cultural activities"). Because there was uncontroverted and unchallenged testimony that the TEEN F.L.O.W. Youth Center was a "youth center" where children played basketball, our review of the record satisfies us that sufficient evidence supports the jury's verdict.

V.

For the foregoing reasons, the judgement of the district court is AFFIRMED.