IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-10543
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

PEDRO TORRES-JACINTO, also known as Pete Torres

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CR-25-1

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pedro Torres-Jacinto pleaded guilty pursuant to a written plea agreement to one count of illegal reentry after deportation and was sentenced to 71 months of imprisonment, to be followed by three years of supervised release. Over a year and a half after the judgment of conviction was entered, Torres-Jacinto filed a notice of appeal.

The district court ruled that Torres-Jacinto's notice of appeal was "untimely." In addition, the district court granted Torres-Jacinto leave to

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed in forma pauperis on appeal but denied his request for appointment of counsel.

Torres-Jacinto now moves this court for the appointment of counsel. This court can dismiss an appeal during consideration of an interlocutory motion if the appeal "is frivolous and entirely without merit." 5TH CIR. R. 42.2. Torres-Jacinto did not file a notice of appeal within 10 days after the entry of the criminal judgment, see FED. R. APP. P. 4(b)(1)(A), or even within the time for extending the appeal period under FED. R. APP. P. 4(b)(4). Thus, the district court did not err in enforcing the time limitations set forth in Rule 4(b), and this court may not reverse its decision to do so. See United States v. Leijano-Cruz, 473 F.3d 571, 574 (5th Cir. 2006). Because the instant appeal is without arguable merit, Torres-Jacinto's motion for the appointment of appellate counsel is denied, and the appeal is dismissed as frivolous. See 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.