# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2010

No. 08-41040
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERNESTO BARRIENTOS-ZUNIGA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-187-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Ernesto Barrientos-Zuniga has moved for leave to withdraw and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Barrientos-Zuniga has not filed a response.

Pursuant to a written plea agreement, Ernesto Barrientos-Zuniga pleaded guilty to being found unlawfully present in the United States after deportation following a felony conviction. The district court sentenced Barrientos-Zuniga to 77 months in prison and three years supervised release without supervision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Barrientos-Zuniga filed an untimely pro se notice of appeal, and the district court denied him an extension of time to file an appeal. *See* FED. R. APP. P. 4(b)(1)(A), (4).

Rule 4(b)(1)(A)'s time limit for filing a timely notice of appeal "is mandatory, but not jurisdictional, because it does not derive from a statute," and may be waived. *United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007) (following reasoning in *Bowles v. Russell*, 551 U.S. 205, 211-13 (2007)). Pursuant to an order by this court, counsel certifies that the Government will seek enforcement of Rule 4(b)(1)(A)'s time limits. Moreover, a defendant does not have a right to have the untimeliness of his notice of appeal disregarded. *United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006). Given these circumstances, the instant appeal is DISMISSED as frivolous based on the untimeliness of the notice of appeal. *See* 5TH CIR. R. 42.2. For this reason, counsel's motion to withdraw is GRANTED, and counsel is excused from further responsibilities herein.