# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41270
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-1637-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rene Flores pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, and the district court sentenced him to a total of 268 months in prison. The judgment was entered on May 21, 2009, but Flores did not file a notice of appeal. In September 2013, Flores moved for reinstatement of the time for appealing that judgment or, alternatively, for equitable tolling of the time to file a notice of appeal from that judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41270

Because Flores had previously filed a 28 U.S.C. § 2255 motion and did not have authorization to file another, the district court did not construe the motion for reinstatement as a § 2255 motion.  It denied the motion.  The court also denied Flores's motion to reconsider its denial of his motion for reinstatement.  Flores filed a notice of appeal from the denial of his motions for reinstatement and for reconsideration.  The district court denied Flores's motion for leave to proceed in forma pauperis (IFP) and certified that an appeal would not be taken in good faith.  *See* FED. R. APP. P. 24(a)(4).

Flores moves in this court for leave to proceed IFP on appeal.  He contends that the time for filing an appeal from the judgment of conviction should be tolled because of counsel's failure to follow his instructions to file an appeal.  However, he does not cite to any authority for the proposition that the district court could reopen the time for him to appeal or for the proposition that the time for filing a notice of appeal may be equitably tolled, and none can be found.

Although the time for appealing a criminal judgment is not jurisdictional, a defendant is not entitled to have his untimeliness disregarded. *United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006).  The district court did not err in enforcing the time limitations for appealing a criminal judgment and denying Flores's motions for reinstatement and for reconsideration. *See id.*  Flores's motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2; *United States v. Vivar-Villareal*, 364 F. App'x 166, 167 (5th Cir. 2010);

2