# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50097
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO CEJA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-55-1

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Alberto Ceja, federal prisoner # 11260-280, moves to proceed in forma pauperis ("IFP") on appeal. He seeks to challenge the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines and his motions for reconsideration of that order. The district court denied Ceja's IFP motion and certified that the appeal was not taken in good faith. By moving for IFP status, Ceja is challenging the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50097

district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Ceja's motions for reconsideration were filed more than 14 days after the entry of the district court's order denying his § 3582(c)(2) motion. These motions were thus unauthorized ones that the district court lacked jurisdiction to entertain. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994); *United States v. Cook*, 670 F.2d 46, 48-49 (5th Cir. 1982); FED. R. APP. P. 4(b)(1)(A)(i).

Although Ceja's untimely motions for reconsideration did not toll the time for filing a notice of appeal from the underlying denial of § 3582(c)(2) relief, *cf. United States v. Brewer*, 60 F.3d 1142, 1143-44 (5th Cir. 1995), the time limit for filing a notice of appeal in a criminal case is not jurisdictional and may be waived, *see United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007). We therefore pretermit any issue concerning the timeliness of the appeal of the underlying order. *See id.* at 389.

We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion and its interpretation of the guidelines de novo. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Amendment 782 retroactively lowered most drug-related base offense levels in U.S.S.G. § 2D1.1(c) by two levels and lowers Ceja's total offense level to 35. When combined with his criminal history category of I, the amended guideline range is 188 to 235 months. Ceja was sentenced to 180 months. The district court could not further reduce the sentence because Ceja did not receive a downward departure from a government motion to reflect his substantial assistance to authorities. *See* U.S.S.G. § 1B1.10(b)(2)(A), (B), comment. (n.3).

Because the district court lacked jurisdiction to consider Ceja's untimely motions for reconsideration and Ceja has failed to show that the district court

abused its discretion in denying his § 3582(c)(2) motion, the instant appeal does not involve legal points arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Ceja's IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.