# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30125
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL WAYNE COLLINS,

Defendant-Appellant

ON PETITION FOR REHEARING

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50170-4

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Daniel Wayne Collins's ("Collins") petition for panel rehearing is GRANTED, and we withdraw the previous opinion filed in this case on September 27, 2017 and substitute the following opinion.

In 2005, Collins pleaded guilty to one charge of conspiring to distribute methamphetamine and one charge of possession of a firearm in relation to a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30125

drug trafficking offense.  He was sentenced to serve 168 months in prison on the former charge, to run consecutively to a 60-month sentence on the latter charge, as well as five years on supervised release.

On November 3, 2014, Collins filed a motion to reduce his sentence and to request counsel.  *See* 18 U.S.C. § 3582(c)(2); Amendment 782.  The district court appointed the Federal Public Defender as counsel for Collins.  Defense counsel filed a memorandum in support of a reduced sentence based on a retroactive amendment to the sentencing guidelines.  The probation office agreed that Collins should receive the reduced sentence; however, the Government opposed the sentence reduction.  On February 26, 2016, the district court denied the motion for sentence reduction.  On January 20, 2017, Collins filed a motion for reconsideration, which the district court denied on February 7, 2017.  He then filed a notice of appeal on February 15.

I.    ANALYSIS

A. Motion for Sentence Reduction

Because Collins's notice of appeal was filed more than 14 days after the order denying his motion for sentence reduction, it was untimely.  *See* FED. R. APP. P. 4(b)(1)(A)(i).  Although the time limit in Rule 4(b) is mandatory, it is not jurisdictional and therefore may be forfeited.  *United States v. Hernandez-Gomez,* 795 F.3d 510, 511 (5th Cir. 2015); *United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007) (holding that the Supreme Court's opinion in *Bowles v. Russell*,[1] "establishes that the time limit specified in Rule 4(b)(1)(A) is mandatory, but not jurisdictional, because it does not derive from a statute").  Here, the Government's opening brief expressly objected to the untimely notice of appeal filed with respect to the denial of the sentence reduction.  Nonetheless, in his petition for panel rehearing, Collins argues that the

---

[1] 551 U.S. 205 (2007).

No. 17-30125

Government's failure to object in the district court forfeited the objection. We have expressly held that objecting at the time of the Government's opening brief is timely. *Id.* Further, the Supreme Court has explained that when the Government objects to an untimely filing under Rule 4(b), a "court's duty to dismiss the appeal [is] mandatory." *Eberhart v. United States,* 546 U.S. 12, 18 (2005).[2] Thus, we dismiss as untimely the appeal from the order denying a sentence reduction. *Id.*

### B. Motion for Reconsideration

With respect to the denial of the motion for reconsideration, the Government states that Collins timely filed a notice of appeal and that this "Court can consider that ruling." Brief at 9 n.4. We agree that the notice of appeal was timely filed as to the denial of the motion for reconsideration. However, Collins did *not* file his motion for reconsideration within 14 days of the denial of his motion for sentence reduction as required by Rule 4(b).[3] As explained above, although Rule 4(b) is not jurisdictional, it is mandatory. Subsequent to this Court's holding that Rule 4(b) was mandatory but not jurisdictional,[4] we have been inconsistent in our disposition of untimely filed motions for reconsideration. Some opinions have continued to apply pre-*Martinez* precedent and hold that untimely motions for reconsideration were unauthorized and that the district court was without jurisdiction to entertain the motions—as this panel did in the original opinion in the instant case. *See e.g., United States v. Ceja,* 694 F. App'x 361, 361–62 (5th Cir. 2017); *United States v. Gomez-Vasquez,* 680 F. App'x 272, 273–74 (5th Cir. 2017). Other

---

[2] In *Eberhart,* the Supreme Court was analyzing Rule 37, which was an identical predecessor to Rule 4(b). *United States v. Leijano-Cruz,* 473 F.3d 571, 573 n.4 (5th Cir. 2006).

[3] Although there is no statute or rule setting forth the time limits for filing a motion for reconsideration in a criminal case, it is well settled that "motions for reconsideration are timely if filed within the time prescribed for noticing an appeal under Fed.R.App.P. 4(b)." *United States v. Brewer,* 60 F.3d 1142, 1143 (5th Cir. 1995).

[4] *Martinez*, 496 F.3d at 388–89.

opinions have recognized that although Rule 4(b) was not a jurisdictional time limit on filing the motion for reconsideration, an Appellant "may not have his untimeliness disregarded when the Government timely objects." *United States v. Carbe*, 672 F. App'x 493, 494 (5th Cir. 2017); *see also United States v. Alvarez,* 668 F. App'x 79, 80 (5th Cir. 2016) (stating that Rule 4(b)'s time limit was not jurisdictional and that the Government had forfeited the objection by not asserting it).     Although *Martinez* did not involve a motion for reconsideration, the opinion was interpreting Rule 4(b), which is the applicable time limit for filing motions for reconsideration. *Brewer*, 60 F.3d at 1143. Thus, *Martinez* applies to motions for reconsideration.   All the above-cited opinions with respect to motions for reconsideration are unpublished, and thus, those opinions are not binding precedent.[5]   In contrast, we are bound by *Martinez*, a published opinion that authoritatively interpreted the Supreme Court's opinion in *Bowles* to hold that the time limit in Rule 4(b) is not jurisdictional.  496 F.3d at 388–89.

Accordingly, although the instant motion to reconsider was untimely filed under Rule 4(b), the district court had jurisdiction to entertain it. Further, as set forth previously, the Government's brief expressly stated that this Court could consider this issue, forfeiting any untimeliness argument with respect to the motion to reconsider.  We therefore turn to the merits of the claim.

Collins argues that the district court erred in denying his motion for reconsideration. We review for abuse of discretion the denial of a motion for reconsideration. *United States v. Rabhan*, 540 F.3d 344, 346–47 (5th Cir. 2008). We likewise review for abuse of discretion the decision whether to

---

[5] In this circuit, unpublished opinions issued on or after January 1, 1996, generally are not binding precedent, although parties may cite them. 5TH CIR. R. 47.5.4.

reduce a sentence under § 3582(c)(2). *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009).

When addressing a § 3582(c)(2) motion to reduce sentence, the district court conducts a two-step analysis. *Dillon v. United States,* 560 U.S. 817, 826 (2010). The court first determines whether the defendant is eligible for a reduction under U.S.S.G. § 1B1.10. *Id.* at 827. Here, it was undisputed that Collins was eligible for the requested sentence reduction. As for the second step, once the court determines that a defendant is eligible for a sentence modification, the court must then consider the applicable § 3553(a) factors to decide whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Id.*

In denying the motion to reduce sentence, the district court ruled as follows: "The Court finds that a sentence reduction is not appropriate in this instance due to public safety considerations, namely the defendant's association with weapons as set forth in the original Presentence Investigation Report. *See* 18 U.S.C. § 3582(c)(2) and U.S.S.G. Section 1B1.10, Application Note 1(B)(ii)." Collins argues that the district court abused its discretion when it denied his motion for reconsideration based solely on his prior association with weapons. However, public safety is a factor to be weighed under § 3553. *See* § 3553(a)(2)(c) (requiring the court to consider the need for the sentence "to protect the public from further crimes of the defendant").

As previously set forth, Collins, represented by counsel, filed a memorandum in support of his request for a reduced sentence. The memorandum argued that Collins did not pose a danger to public safety and pointed out that he had received no disciplinary reports while incarcerated. The memorandum further argued that his consecutive sentence for the firearm offense sufficiently punished him for having a weapon. The memorandum also reported that he had taken the opportunity to better himself in prison by

earning his G.E.D. and participating in parenting classes.  Collins's argument boils down to asserting that the court did not properly balance the sentencing factors.  The argument that the district court did not properly consider and balance the sentencing factors and that this Court should reevaluate them is insufficient to show an abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).[6]

## II.    CONCLUSION

For the above reasons, the appeal from the order denying the motion to reduce Collins's sentence is DISMISSED, and the appeal from the order denying reconsideration is AFFIRMED.

---

[6] Collins also requests this Court to remand the case to a different judge for resentencing.  Because we are not remanding the case, we deny this request as moot.