# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11064
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FREDERICO GONZALEZ, also known as Viejon,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-329-13

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Frederico Gonzalez, federal prisoner # 31225-177, was convicted of conspiracy to distribute and possess with the intent to distribute cocaine, cocaine base, marijuana, and MDMA (count one) and conspiracy to transport and attempt to transport monetary instruments from inside the United States to outside the United States (count two). He was sentenced to life imprisonment on count one and a concurrent term of 240 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment on count two.  His sentence on count one was reduced in 2016, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, to 360 months of imprisonment.  Gonzalez subsequently filed another § 3582(c)(2) motion that was denied by the district court.  Because the notice of appeal was not timely filed, the court remanded the matter to the district court for a determination of excusable neglect or good cause.  The district court determined that Gonzalez had not made this showing, denied leave to proceed in forma pauperis (IFP), and certified that the appeal was not taken in good faith.  He now moves for leave to proceed in forma pauperis (IFP) on appeal.

Prior to the district court's ruling on remand, Gonzalez filed another § 3582(c)(2) motion.  The district court denied that motion and denied leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith.  Gonzalez also moves for leave to proceed IFP from the district court's denial of that § 3582(c)(2) motion.  By moving to proceed IFP, Gonzalez is challenging the district court's certification decision that his appeals were not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Regarding the initial appeal, Gonzalez asserts that the district court should have accepted his explanation regarding the untimely notice of appeal. The district court notified Gonzalez of deficiencies in his pleading and allowed Gonzalez the opportunity to remedy the deficiencies.  Gonzalez did not timely file any pleading within the time allowed by the court addressing the problems identified in the court's order.  The district court did not err in enforcing the time limitations set forth in Rule 4(b) and denying the IFP motion, and this court may not reverse its decision to do so.  *See United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006).

Gonzalez also argues that it is unclear whether he received an enhancement for his leadership role and that his total offense level, after

No. 17-11064

application of Amendment 782, should be 40 because of an error in the calculation of the guidelines range at resentencing.

Section 3582(c)(2) permits the discretionary modification of a sentence if the defendant is sentenced to a prison term based upon a sentencing range that subsequently is lowered by the Sentencing Commission. We review a district court's denial of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). To the extent Gonzalez's allegation of error relates to the calculation of his guidelines range during the resentencing hearing, it does not set forth a basis on which he may contest the denial of his § 3582(c)(2) motion. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). In any event, Gonzalez's assertions are unsupported by the record, which shows that the court reimposed the same guidelines calculations at the resentencing.

Because the instant appeals are without arguable merit, Gonzalez's motions to proceed IFP are DENIED, and the appeals are DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.