# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2020

Lyle W. Cayce
Clerk

No. 19-31018
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANIEL WAYNE COLLINS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50170-4

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

Daniel Wayne Collins, proceeding *pro se* on appeal, pleaded guilty to: conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846; and possession of a firearm in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced to, *inter*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

*alia*: 168-months' imprisonment for his conspiracy-to-distribute-methamphetamine charge; and a consecutive term of 60-months' imprisonment on the firearm charge.

In the light of Amendment 782 to the Sentencing Guidelines, Collins moved, in 2014, for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied his motion, citing public safety concerns due to Collins' use of weapons during the underlying offense. Our court affirmed. *United States v. Collins*, 712 F. App'x 392, 396 (5th Cir. 2017).

In 2018, Collins filed a successive § 3582(c)(2) motion because, according to his claim, information regarding the need to avoid unwarranted sentencing disparities was unavailable when he filed his first motion. *See* 18 U.S.C. § 3553(a)(6). Collins cited several cases purporting to show similarly-situated defendants who received a reduction despite the involvement of a weapon in the underlying drug offense. The motion was denied.

Appealing the denial of that motion, Collins claims the court abused its discretion because denial of his motion creates a sentence disparity. A court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Although the court acknowledged Collins' disparity contentions, it concluded a reduction was not warranted "due to public safety considerations" in the light of Collins' possessing a weapon during commission of the underlying offense, for which he pleaded guilty to such possession as a separate offense.

The court considered the § 3582(c)(2) motion and applicable § 3553(a) sentencing factors; Collins has not demonstrated error. Therefore, the court did not abuse its discretion. *See Henderson*, 636 F.3d at 718.

AFFIRMED; Collins' request for a different judge on remand is DENIED as moot.