# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2021

Lyle W. Cayce
Clerk

No. 19-51189
Conference Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CAITLIN CHEYENNE CARTER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-262-1

Before DAVIS, ELROD, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

The attorney appointed to represent Caitlin Cheyenne Carter has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

(5th Cir. 2011). Carter has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein.

Carter's notice of appeal was filed more than 14 days after the entry of her criminal judgment and was therefore untimely under Federal Rule of Appellate Procedure 4(b)(1)(A). *See* Fed. R. App. P. 4(b)(1)(A). She filed an untimely notice of appeal, which was construed as a motion for an extension of time to appeal pursuant to Rule 4(b)(4), but the district court denied the motion on the ground that it was also filed outside the 30-day limit imposed by Rule 4(b)(4). In light of the district court's enforcement of the time limitations in Rule 4(b), the untimeliness of Carter's notice of appeal may not be disregarded. *See United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006).

Based on our review of the record, there is no nonfrivolous issue for appeal with respect to Carter's criminal judgment or the district court's order denying an extension of time to appeal. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5th Cir. R. 42.2.