# United States Court of Appeals
# for the Fifth Circuit

No. 22-50067
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 28, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Daniel Arguelles,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-239-1

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Daniel Arguelles, federal prisoner # 59822-380, proceeding pro se, appeals the denial of his motion to reinstate the order denying his motion under 18 U.S.C. § 3582(c)(1)(A)(i) for a modification of his sentence. Arguelles argues that the district court's denial of his motion for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50067

reinstatement was an abuse of discretion.  He asserts that he wanted to appeal the denial of his § 3582(c)(1)(A)(i) motion, but he contends that, due to the mishandling of his mail, his receipt of notice of the denial of the § 3582(c)(1)(A)(i) motion was delayed.  He concedes that the time to move for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(b)(4) had expired before he moved for reinstatement.  Arguelles argues that the district court misconstrued his motion for reinstatement as a motion for an extension of time to file a notice of appeal under Rule 4(b)(4).  He contends that the district court should reenter the order denying his § 3582(c)(1)(A)(i) motion, thereby restarting the time to file a notice of appeal and preserving his right of access to the courts.

The time limits imposed by Rule 4(b) are not jurisdictional, but they are mandatory claim-processing rules. *United States v. Pesina-Rodriguez*, 825 F.3d 787, 788 (5th Cir. 2016).  "[T]he district court does not err . . . if it enforces an inflexible claim processing rule, and we may not reverse its decision to do so." *United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006).  Here, the district court did not err in denying the motion for reinstatement, thereby enforcing the time limits in Rule 4(b). *See id.*

The judgment of the district court is AFFIRMED.